The next case is 2019-50577, Empower Texans, et al. v. Charlie L. Guerin You may proceed, Mr. McDonald May it please the Court, my name is Tony McDonald. I'm here on behalf of the appellants, Empower Texans, Brandon Waltons and Destin Senske Chairman Guerin's position in this appeal is that he can engage in invidious religious, racial or viewpoint discrimination with impunity in ways that violate the civil rights of individuals and that this court is powerless to stop him Thankfully, that is not the law. That is not the law from the Supreme Court or from this circuit on legislative immunity That's because when a legislative official applies policy to specific individuals, that person engages in an administrative act, not a legislative act and therefore is not afforded absolute legislative immunity Now, let's say we accept that general proposition. Is this different because it's talking about the core of the legislature, the place where they do their work and controlling that sphere? Does that make any difference in this analysis that we're not talking about just a simple well, you have to have a college degree to be an intern and you didn't or something It's actually right where they're making decisions. They're saying we don't want lobbyists Well, again, this case is not about lobbyists but about media first Well, I mean, that you can, Guerin would maybe disagree with you, but what I'm saying is that this particular rule and the question here is not that he banned you all from writing about the legislature in the whole world It was that you couldn't be there in the floor where you wanted to be, right? Equal access on the floor with the other media organizations Okay. That is exactly where they're doing their business. No question about that, right? That's right Does that make any difference to this analysis versus any other implementation of a rule that the legislature has passed? A correct analysis would be no, and I'll explain that The reason is that legislative immunity protects functions, not offices And so we see the doctrine applied from the local level to the state level to the regional level to the federal level And consistently across those levels of government, you see that there is this distinction between actions that develop policy such as participation in the legislative process itself and actions that apply policy or carry out the orders of a legislative body Those are not entitled to legislative immunity And I'll note this is consistent with how immunity is applied in other contexts For example, in the judiciary, there is absolute judicial immunity for the courts But there is, found in Forster v. White and as recognized by this circuit, a distinction in the judicial context between absolute judicial immunity for judges who participate in the judicial process and then administrative actions in the judicial context What's happening in the courtroom, like what's happening right now in this courtroom Something weird were going on and we put a stop to it That that would be part of our judicial function might be a little different if we're talking about what's happening in the library on the first floor Maybe that's not as much a judicial function But I've always thought of the courtroom as where I'm doing my business Now, I also can do it in my office But clearly I'm doing my business right here, right now And so why isn't that a judicial function? Just as when the legislature is sitting on the floor of the house, they're doing their business So, it is important to the functioning of the judiciary that the judiciary have control over its courtroom But that doesn't necessarily make it part of the judicial function What was found in Forster v. White is just because something is very important to the operation of the court Does not necessarily make it then a part of the judicial process itself So, if I stepped down and tackled somebody because I thought they were a security threat I wouldn't necessarily have judicial immunity for that, would I? You would have qualified immunity, not necessarily Not judicial And to be clear, I'm read up and briefed on legislative immunity, not judicial immunity My comparison to the judicial immunity context is for the sake of saying that this distinction between administrative and judicial acts found there is very similar to the doctrine that we find in the legislative context I'm not planning to tackle anybody I'm sorry Go ahead, and I've got a question when you're done If people in these rows just suddenly started getting up and protesting, you know, First Amendment, First Amendment, and shouting And we said, get out You don't think that would be part of judicial immunity? I mean, we're absolutely stopping them from speaking, but we're in the middle of a court process I think we'd have the right to do that And you're going to say we wouldn't have absolute immunity for that? No, because take a different context If this court were to say Mormons need not enter the door Or were to say we're going to allow reporters to come in here and report on things, but we don't like the Washington Post And so the Washington Post specifically is banned I think a case could proceed on that because there wouldn't be an application of absolute immunity in that context There would be an application of qualified immunity A case could enter the courthouse And obviously the courts, as the Supreme Court recognized in Butts v. Economo The courts are very well equipped to deal with frivolous claims and to afford the proper protections to allow I'm talking about protecting sort of the core of where we're doing our business, okay? Yes And so no one is contending in this case that you all were kept out based on racial or religious grounds It's on, you say, First Amendment Okay, and I understand that I just think those are different categories I'm not saying that they come out differently necessarily But they're different categories So I'm just speaking to, you've got a floor of the house You've got a courtroom And you have to control what's happening there so you can do your job And if people are in here protesting how they think we should rule on this case We can't do our job And we're going to exclude them And we're going to have judicial immunity from that I can pretty much guarantee you So then I'm asking you, what is the distinction between that and what Mr. Guerin is doing here on the House floor? So two things on that I actually will challenge your premise You would be entitled to judicial immunity But would it be absolute? Yes, it would But you disagree with that I disagree, I think if you Okay, so we get that you disagree with that you'd be entitled But can you just answer the rest of the question? Sure And I've lost the rest of the question Why isn't it part of legislative immunity to be able to control the core place where they are doing their business? Because the Supreme Court's precedent on the issue makes a very different distinction Not between the location in which legislation takes place But between the legislative process itself And processes other than that There is obviously And to be clear There is immunity that applies But not absolute immunity The absolute immunity applies to the legislative process itself As recognized in the Seminole case on this Kilbourne v. Thompson That basically said Legislative immunity applies, in short To things generally done in a session of the House by one of its members In relation to the business before it Such as participation in debates Such as voting But in each of these cases And I point the court to read Gravel v. United States If you look to Gravel There's a very nice historical analysis Case by case Of the Supreme Court's precedent On legislative immunity The The court walks through and shows Where you have a legislative official Who participates in the legislative process In voting In promulgating a resolution They're entitled to legislative immunity But those legislative officials Who actually carry out the act Are not entitled To absolute immunity So In Kilbourne The congressmen vote to order a man to be arrested But the sergeant at arms Who actually goes to make the arrest Is not shielded by Absolute legislative immunity Could I ask my question now, please? Sure My question is We have to take the facts That your client Is not a lobbyist And that your client is a member of the media And that it was done for that purpose Don't we? Yes We have to take it all in your favor As you've stated it That it was not because they were a lobbyist But instead it was because they were a member of the media And they were a member of the media Who was Disfavored by the legislative officer That's correct We have to take all those facts And so it doesn't matter whether or not They're really They We can't take it Well they mistakenly thought they were a lobbyist Or they really are a lobbyist That's not We're not taking the facts there Aren't we given the posture Or is that not true? In this posture The facts are taken in the light Most favorable to empower Texans And so this case is about Whether a legislative official Can engage in invidious viewpoint Discrimination with impunity And you're using the term invidious Discrimination because Is that because core first amendment Based upon who the Who the speaker in the press Is invidious discrimination Is that Are you using it to show That there's no principled way To make this distinction And not ban You said The LDS church as your example In one sense invidious I'm using it in the sense that it's very bad It's bad to engage in viewpoint discrimination But in the other sense It's invidious in that These are actions that actually apply Policy to an individual And so it's not a theoretical Problem You know I've thought about this Remember when David Duke was elected to the legislative process If he filed a bill Because he was a racist We don't allow a lawsuit Based on that motivation for him filing a bill Or taking a vote But whenever you have an official that then applies Policy to a particular individual When the rubber meets the road There is a harm And so it is this type of invidious discrimination Where a My client has been impacted And had their civil rights violated And really it would be very clear In any other context That would be the case So then the question is Does the immunity shield that action Counselor I think If I may I think that The You pushed back at it Let me return just a bit to initial immunity And its applicability as an analogy It seems to me in judicial Immunity regardless of whatever Adjectives you want to use like invidious And whatever else If it's within the area of activities That is protected by judicial immunity It doesn't matter How reprehensible in a way it could be And part of that is The reprehensible nature of it Is only determined after some sort of litigation And Interference with The judge's activities So there's just a broad immunity From challenges brought by folks who See something in a judicial action And I think that There's certainly a possibility Of that same sort of analysis being Implied here and that if it's Within the realm of what Is A legislative act Which is of course the distinction you're arguing If it is A legislative act it is Similarly entitled I mean it could be My understanding is your clients are the only ones Who have been denied media credentials But you could have a broad number of people Denied media credentials And defending against those particular Challenges And no matter how invidious The allegations may Say that the action was It seems to me That same sort of protection has Merit here. Do you have any kind of Yes, so Absolute legislative immunity means what it Sounds like. It's absolute So if you have a legislative act Such as voting, debate, Participation in the legislative process It is afforded that absolute immunity But we have to ask ourselves Does that then apply to these Administrative acts where the Legislative official is Applying the policy to specific individuals And there's no case law Standing for that and in fact the case Is cited by Chairman Garron, Reeder Harwood And Consumers Union Each of these cases say well absolute Immunity applies but You know in this case They concede good faith In this case The legislative official did nothing More than apply the policy and the policy Itself was fine and You know Reeder The appellant says oh there's a parade Of horribles that's coming if this decision Is made. They say we can save that For another day. We don't have to reach that What I'm telling this court is You have to confront That. That's this case because The allegation of discrimination Is here and it's accepted as true And so is There precedent to say that Legislative officials can do this With impunity. There's nothing In the case law to suggest that Reserved Rest of my time for rebuttal Unless you have further questions Thank you counsel May it please the court Heather Hacker for the state The Texas Constitution Grants authority to each house To control the legislative Process but Empower Texans is asking a federal court To force the Texas House of Representatives to admit them To the floor of the chamber where they make Law. Counsel can Can the legislature engage In invidious discrimination With impunity because of This immunity of which you speak I think That's not fair to say here There is nothing close to Invidious discrimination alleged On the face of the complaint. Well it would be A core first amendment Of viewpoint discrimination based upon The identity of the reporter That's a core First amendment which Certainly would Are you saying that that's not as integral to the Constitution as Whether or not sex Or race or Of course not. What I meant to say by that Is that the facts alleged in the complaint Don't show that empower Texans was entitled to a press pass But directly addressing Your question You know Setting aside that nothing like that Has been alleged here in terms of The parade of horribles that he mentioned Racial discrimination, religious Discrimination and I don't think anything Like that would happen Maybe that would be a different case And the plaintiff raised that You believe that we could We could step in That it would not be absolute immunity If this was sex discrimination Alleged Well what I will Say is that the court The supreme court has never dealt With this issue but the supreme court That issue, excuse me, but the supreme Court has dealt with this issue Here where there was an allegation Of viewpoint discrimination Or first amendment violation. The supreme Court has addressed that several times And in each case the court Has emphasized that The motive of The actor is irrelevant And specifically I want to draw The court's attention to the supreme Court's decision in the Tenney case where The plaintiff There was accusing A California legislative committee On un-American activities With abusing its right To subpoena a witness And the court said That you know in the political arena Obviously there are allegations of Bad faith and discrimination That fly but that's just not Where the court should be getting involved We have to let the Doctrine of legislative immunity Means that we have to let self Regulation and accountability To the voters take that Place. Okay so can you Can not without not looking At the motive but if it's on its face Says the Washington Post can't come in Since you used that particular newspaper Can you Can you on your face Can you do you have absolute Does your client have absolute legislative immunity In that situation only the Washington Post of all newspapers Can not come in the door. I would say that if it's on its face That might be a different situation But the court has Never analyzed that Well the Supreme Court has never Has never Made that kind of a determination And but again pulling it Back to where we are in this case What we're talking about here is an Allegation of viewpoint discrimination If a mere allegation the Supreme Court has said this also several times In Tenney and Eastland and Bogan If the mere allegation of viewpoint Discrimination is enough to defeat the Privilege of absolute immunity That immunity really is meaningless Counsel let me Let me say I think I'm following Up in a slightly different way One of my concerns about the case Is what you're talking about right Now Is that even in your best Authorities on absolute legislative Immunity that there's an Unease a queasiness about Saying it necessarily would bar certain Kinds of claims however Odious you want to make them And it does Seem to me that there's a danger in saying Absolute immunity In this category of Applying the legislative Created approach to How you issue media credentials To the actual application of that Policy And I don't really see it despite My suggestions to your friend on the other side As being the same as controlling Access to this particular Chamber in judicial immunity What do you say That despite The case law that you have and there's no Supreme Court authority that would Directly apply to This action That it is far better Not to call this absolute immunity But to Allow this to be looked at To allow the kinds of Constitutional concerns That to be looked at at a lower level of Immunity which I guess would mean qualified To look at it So these sorts of constitutional concerns That you have to keep pushing aside in your argument Well that's not our case Maybe the problem is this case shouldn't be analyzed The way that you were suggesting Because these other cases will Come up Well this argument was Raised in the reader case before the 7th Circuit and the court there said That because we don't Need to decide the Outer limits of the immunity Doctrine to decide this case We can save that question for another Day and I think that that was A wise action because The supreme court itself has Never defined the outer limits Of the privilege of legislative Immunity we know it comes from the I'm not talking about the outer limits of absolute legislative Immunity I'm talking about whether this is a Legislative absolute legislative immunity case At all Because the cases You have are talking about absolute legislative immunity But maybe there would be some Outer limit to how far we would allow that Protection to go if The action was sufficiently Violative of some constitutional rights Of the party effect But I'm saying here That Perhaps the better way to analyze a case Like this is not through absolute legislative Immunity I think that it does have to Be analyzed through legislative Immunity because The supreme court has said That where the legislature Is acting in a Sphere of legitimate legislative Authority or it's doing Something that's core to the legislative Function itself that the constitution And the common law Grant legislative Immunity to those actions And so you have to The question really is whether or not This was legitimate legislative Activity and I think That there's really no serious dispute that it Is as judge Haynes mentioned During my friend's argument we are Talking about the chamber of the House where laws are made If the house was helpless to The chamber no laws could be Made or it would seriously impact the Process and this rule In particular in addition to other rules In addition to a state statute Furthers the state's policy Of trying to prevent lobbyists On its face this Rule now there's a disagreement About whether it was applied properly that's a separate Question but on its face this rule that says We'll let newspapers that are Reporting on what's happening but not Lobbyists that are trying to Prevent this from happening That's the distinction we're making on its Face there's nothing evil About that whereas Something on its face that said race A is allowed in but race B Is not or gender A is allowed in but gender B Is not on its face would be A problem is that the Distinction you're making in response to what Judge south was asking About absolute immunity So if the hypothetical is that If the rule said on Its face something That was clearly discriminatory Then There might be an argument in that case that It's not legitimate legislative Activity but again The supreme court's cases have dealt With this issue where there's an allegation Of a first amendment violation and The court has said that legislative Immunity prevents us from Looking in from piercing That veil from looking in and trying to Identify what the motives are here in order To determine whether or not it was Legislative legitimate legislative Activity if We were to Accept That The house can control Its chambers then it wouldn't Matter whether mr. Guerin didn't like these people or whether mr. Guerin really was trying to apply the rule As written that's what you're saying Yes I think that's i think that's The only way that you can interpret the Supreme court's cases on this topic I think that that's true and would we be Creating a circuit split if we Went the other way Yes your honor you would The the other three cases the Other three circuits the first circuit seventh circuit And the dc circuit those Cases are really all on for on all Fours with this one all three of Them involve The application of a rule To an individual who is Excluded because of ties with Lobbyists and In each one of these cases In analyzing supreme court precedent Those circuits have come to the conclusion That legislative immunity protects That decision and You know and in each One of those cases there was an Allegation of discrimination Or unfair application Of the rule And that again Those circuits all agreed with what the Supreme court has said on this topic and that The court can't look into the motive There it just has to say whether or not This is legitimate legislative activity And it clearly is applying those Rules as in this case Is clearly legitimate Legislative activity and that's the only Question the court has to answer so If a hundred reporters apply under The current rule and 60 men I'll get in and 40 women all Don't get in There's no equal protection claim I mean again you know part of the Rationale that the supreme court has set Out for legislative immunity is so That legislators can do Their job as legislators and they don't Get embroiled in all of this litigation And so if it's something That would cause the legislators To have to get embroiled in litigation Where there would be separations of Powers concerns You know that's just Where the constitution draws The line in terms of My question is those women are out of luck Well I would hope that the Women would not be out of luck your honor But I just I'm trying to faithfully interpret Here or explain what the supreme Court has said I'm trying to figure out how it applies at the margins When there's Possibility of discrimination And that's So I don't know the answer Are you saying that that's That fails that claim You know it's We're not looking at It's just A fact 60 and 40 I would say that based on I would say that based on the supreme Court if it's not on the face Of the law Then if you're delving into Motives which are relevant In an equal protection claim Then that may cross the line That the supreme court has set out Into I mean You said maybe it would cross the line Is this the Is this the exception time or is this the Absolute immunity I can't tell the answer Well I think that the court again does not Need to define the rule by the exception Again whatever the Outer limits are of this doctrine that's Not what's involved in this case The facts of this case are squarely Within the heart of legitimate legislative activity Is squarely within the heart of what The supreme court has to say Your original point to me I thought was That when it's on its face A neutral thing lobbyists versus Regular reporters Rather than men versus women If on the face of it it says women aren't allowed On the floor of the legislature you would have a problem With that but if the face of it was Lobby versus Reporter but then the application Yielded what judge Elrod said You would say that's I mean under your Analysis to me you would say that's absolute Immunity I would say that's correct Your honor Not to say they're immune from the voters But immune from a lawsuit Right that's very true I see my time is running low and I did want To get to the issue of mootness Which I think well immune from a Federal lawsuit I mean not to say there Wouldn't be some state provision that might Come into play there but we wouldn't worry About that yes that That's true as well that there could be Accountability in the state courts as well as a Potential remedy But addressing the issue of mootness This case involves only Claims of prospective relief against A state official in his official capacity And the court may only grant such Relief where there is ongoing harm And there is none here The 86 legislature adjourned sine die In may there are no further Proceedings scheduled or anticipated That empower Texans needs a press Pass for why isn't it anticipated 75% likelihood of A special session Isn't that anticipated I mean if they could point to Something saying that There was a High likelihood of a special session Usually there's discussion in the media Before a special session is called That might be a different case but they Don't even have that here nothing close to That nor can they point to anything that's Happened in the last eight months Since the legislature adjourned That they have been excluded from because They don't have a press pass so there Simply is no The last 72 times It's more likely than not That a special session Will occur what's that what's The test how much does it have to be to be moot Well I think it would Be helpful for the court to look at what Relief they're requesting here and so What and whether or not it can grant relief To remedy what they're alleging Their injury is the alleged their injury Is for being excluded from Sitting in the press area Of the house floor during House sessions It's not just a piece of paper that says Press pass on it they want access To those sessions there Are no more sessions left In this Session do you get a new pass for The first day or do you use the old Pass to get into the first day For the new legislature everyone has to Apply for a new pass so for the Special session they'll have to all Everybody has to apply again Not there's no grandfathered people In I think for If there were a special session they Would have to they would they could Use their current press pass for this Legislature but that's not to Say that empower texans could not Submit another application or Submit additional information Because it would have to do something More than what it's already done when Everybody else gets to use their current Yeah that's why it's not moved But again There there's nothing indicating That there would be About this special session in the 50 Out of 70 or whatever it is I have not gone back and studied This but I'm so I'm asking you My recollection is typically Special sessions are called shortly After the regular session I don't remember maybe there's been One I've lived in texas for 30 plus years I don't really remember A lot of them occurring in an off year Like this one like 20 you know the the even numbered Year And so with does that in other Words by now do we know that the sort Of usual special session That comes because they Didn't pass the law licensing Attorneys and it you know Was was Faded out or whatever That that hasn't happened We know that so now It would take almost like an emergency Situation and how many of those that we Had how many special sessions that we had In an even numbered year Or an off year I don't Have an exact number for you your honor but I will Say that just my general knowledge And review of this topic Is the same as yours that It's very rare for a special session to Be called in the Even numbered year it usually special Sessions are called I'm sorry You argue that to us as to why It was unlikely No your honor because the other side Has not explained why it would be Likely it's their burden here To show why they didn't Say how many that they happen Certain often I believe what they said is They can come up quickly but But to Go back to judge Haynes's question I think that it is very rare usually Special sessions are called fairly Close after the regular session Ends and also Special sessions can't go Past the date when most of the laws Go into effect which is in September September 1st so If a special session were to be called At this late date it would be Very rare just based on my General knowledge I frankly Don't remember a single one and But that's not to say it didn't Happen and that it couldn't happen I just think this notion that it Always happens is the June July special Session not the 2020 special session but Again as judge Elrond pointed out We don't know that I guess I'm not sure moodness is a Jurisdictional question so I guess it's not really Anybody's burden it's more we need To analyze it correctly because It affects our jurisdiction So is Is that a 28J-ish Thing I don't know I'd like to Know I'd like to know when these 50 sessions were were they Within a few months of the Senate DA session or were They a year later like We are coming up on now And I'd be happy to submit A letter after the argument That's up to judge Elrod she's the presiding judge But But yeah I think that if you if you Look at what what's going on here in order For their harm to reoccur you have to assume A string of You have to make a string of assumptions You have to assume that a special session Would be called which is extremely unlikely At this point you would have to assume That they would not Be able to get a press pass in time That's belied by the record here that their Press pass was denied the very next day So the idea That they if they applied and they Met the face of the rule that They wouldn't be able to get a press pass in time Is not the test is it They don't have to the fact that They would have to apply and try To meet is why it's Not moot Regardless of whether it would be an Easy process or not Because the other people don't have To apply again So so the Fact that it's not hard Is not a relevant Inquiry is it counsel Well I guess it goes towards the injury Your honor but just we don't look at the Injury on mootness it's If you have to do something different That other people don't have to do Because you Were unconstitutionally Denied of pass Perhaps allegedly Well my time is up if I Could you answer that yes I would say that the The The injury Is relevant to whether or not the court Can provide a remedy Which is the question in mootness Well and it's relevant to the capable of Repetition yet evading review Factor how quickly This comes up Was the point that you made in your briefing Yes yes Thank you Thank you Thank you I'd like to address the mootness issue Briefly or as long as you'd like Me to and then talk about a couple other issues I would point the Court to our reply brief We've cited to the page From the legislative reference library that has all The history of the what are those I do not have it memorized Okay to be clear It is more common that they happen after The session of course but there are Very shortly after often But there are often Special sessions In the even years as well some of the big issue Special sessions if you recall Do you remember maybe the school tax That's right Robin hood I don't remember that being common but I'm not going to go on my own View where we're in your reply Brief I'm sorry I don't have the copy in front of me It's cited in the section dealing with the Mootness issue we have footnotes There to the legislative reference library page And again if the court would go to the page You can see there's all of that Is detailed there If you don't win on administrative Do you lose If the court finds that It's a legislative act That the application of The policy to empire texans Or at least in this case Where garen engaged in months Of evasive action and never really Processed the application at all If that is a legislative act Yes then absolute Immunity would apply and there would be Very grave consequences And in fact I would say to the court There's really no principled way To distinguish between this test Of actions that Impact the environment in which Legislation takes place You can say okay this applies To actions that control the floor But then if the floor why not the gallery If the gallery why not the rotunda If the rotunda why not the building at large Because the floor is exactly where They're voting I mean to me While I'm not necessarily Convinced That the appellees Are right I see a difference Between the floor And everywhere else just as I see a difference Between the courtroom and the library In this building I think there's a common sense and practical difference But there's not a clear dividing line In the same way that there's A clear dividing line between those actions Which are part and parcel of the legislative Process and those actions Which then apply policy Again the lesson from Forrester V. White from the Supreme Court Is things can be very very Important to the administration Of a governmental body Very important to its ability To function without being Part and parcel of that process It's kind of hard to say though That where we are voting Is not part and parcel of Legislation Well it's just the Environment in which that legislative Process takes place In the U.S. Senate you have to be physically present Walk down the aisle When it's a Recorded vote Walk down the aisle and say Yay or nay or raise your hand or something So that Is a very core thing You can't go back to your office and text your vote So in A couple of cases to cite too on this So in Gravel the test is Whether the act is integral To the legislative process and I'm paraphrasing The question is what is integral Does integral mean essential or does integral mean I would say a component part Of that process and actually If you look to the Consumers Union case They have a nice history in there Of Congress's practice With regard to floor access Interesting to note when Congress first Convened they closed the doors Locked everyone out They then decided they didn't want to do that They then opened the doors and they allowed anyone on the floor That they could Then they started to develop policies As to the control and so I would say It's not integral to the legislative process To control the environment In which the legislative process takes place Otherwise in one of those situations Legislation wouldn't have been happening But legislation goes on Even if you open the doors entirely And allow everyone just to flood in To the chamber That's the historical lesson I think the floor is integral The floor itself is physically Like I said in the U.S. Senate They have a roll call vote If you are not there your vote does not count Right But the floor is the place Where the process happens That's not the process itself In conclusion I would just say the court has to examine Does the first amendment Have a role to play In these questions Either it does or it doesn't Your position is the only thing entitled to immunity Is proffering the legislation And voting yay or nay No the Supreme Court It's not integral to the process That I get up and argue why I think it's good Because you can still vote Against what I think Under your theory Almost nothing is legislative Except maybe the actual vote And maybe the actual statute or rule I'm out of time But would you like me to answer the question I would cite the court to Gravel Which goes through the history Of the Supreme Court's handling of this issue And it's very clear that many things Are part of that Legislative process Including debate Including the investigatory function And in fact It comes from the speech and debate clause So debate is very much At the center of what is being protected By the legislative immunity doctrine So no I would not say that it's just voting It's just filing bills There's many other things But it is limited to participation In that legislative process Which creates policy As opposed to applies policy Thank you counsel We have your argument This case is submitted And we appreciate the arguments of counsel Our final case for today Is 2019-30395 Golf Engineering Company Versus Dow Chemical Company